UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CR229 HEA |
| ) | |
| TADAR M. BAHAR, ) | |
| ) | |
| Defendant, ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Noelle C. Collins addressing Defendant's Motion to Suppress Evidence, [Doc. No. 90]. An evidentiary hearing was held January 26. In her March 17, 2016 Report and Recommendation, Judge Collins recommends that the motion be denied. Defendant has filed written objections to this recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review of those portions of the Memorandum to which Defendant objects. The Court has reviewed the entire record for this purpose.

Defendant objects to Judge Collins' finding regarding the testimony about the lack of luggage in Defendant's car. Task Force Officer White testified that he did not see any luggage, which caused him to be curious. Defendant objects to Judge Collins' statement that the driver confirmed that he had no change of clothes, because there is no testimony in the record that Defendant did confirm the lack of luggage. Defendant also objects to Judge Collins' finding TFO White notice that Defendant was nervous and was speaking rapidly and breathing heavily, even after he explained he was going to issue warnings for the traffic violations.

While Defendant is correct that the record does not reflect that he confirmed the lack of luggage, Defendant did testify that TFO White told Defendant he was going to "let [him] go" with warnings. As such, TFO White would have expected Defendant to somewhat relax, rather than to continue to be nervous gave rise to continued suspicion by TFO White.

Defendant also takes issue with Judge Collins' use of the word "decided" in Judge Collins' findings regarding the narcotic dog sniff. Defendant argues that the findings of fact should include that TFO White testified that he searched the car, not because he knew there was no luggage in the car and the driver said he was away for the weekend, not because he had probable cause to believe drugs were in the vehicle based on what the task force told him, but because of Defendant's nervous behavior. The Court fails to understand Defendant's argument. The testimony establishes

that TFO White was advised to look out for Defendant's RAV4.   White observed Defendant speed, travel too closely and make an improper lane change.   White observed no luggage in the car. White observed Defendant's nervous behavior. Defendant testified that White told Defendant he was going to let him go with warnings, and White testified Defendant continued to be nervous.   When the narcotic dog arrived, White asked that the dog perform.   All of these facts taken together justify the search. Defendant also argues that the basis for Officer White's was insufficient to establish a reasonable stop and search.   Taken together, the totality of the circumstances give rise to Officer White's reasonable suspicion that Defendant was committing a crime.   Defendant was speeding, following too closely to another vehicle, improperly changed lanes and was acting nervously even after he was told he would be "let go."

> While 'reasonable suspicion' must be more than an inchoate 'hunch,' the Fourth Amendment only requires that police articulate some minimal, objective justification for an investigatory stop. *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). In determining whether Trooper Rule had reasonable suspicion, the court must consider the totality of the circumstances in light of Trooper Rule's experience. *United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Although each factor giving rise to reasonable suspicion may appear innocent when viewed by itself, "a combination of factors may warrant further investigation when viewed together." *Linkous,* 285 F.3d at 720.

*United States v. Fuse*, 391 F.3d 924, 929 (8th Cir. 2004).Defendant's objections are overruled.

Judge Collins' conclusion that the stop and search was legal is based on sound legal analysis. The Court agrees with Judge Collins' conclusions in their entirety. The Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Suppress Evidence, [Doc. No. 90], is denied;

Dated this 14th day of April, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE